IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OPENMIND SOLUTIONS, INC., a
foreign corporation,

                                  CASE NO.  1:12-cv-21098-UU

       Plaintiff,
v.

JOHN DOE,

       Defendant.
_____/

## MOTION TO DISMISS DUPLICATE SUIT

John Doe (IP Address 96.252.136.69), by and through undersigned counsel, appears in this action for the sole purpose of giving notice to this Court that this action is duplicative of another suit already pending before the United States District Court for the District of Columbia, and therefore moves the Court to dismiss this suit with prejudice.

1. On October 25, 2011, Plaintiff filed an action against 565 "John Doe" Defendants, including one identified as the owner of IP Address 96.252.136.69, claiming that the Does listed violated Plaintiff's copyright related to an adult film entitled "Throated – Katie Jordin" (the "Initial Case"), a copy of the Complaint and incorporated exhibits are attached hereto as Exhibit A) . That case, 1:11-cv-01883-JMF, is still pending before the United States District Court for the District of Columbia.

2. On March 19, 2012, Plaintiff instituted the instant action, which asserts the identical copyright infringement claim alleged in the Initial Case, except that it only includes one "John Doe" – that with IP Address 96.252.136.69. The Complaint fails to point out is that the

Initial Action is still ongoing, and that this case is a complete replication of the claims already pending in the Initial Action.

3. "It is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Greene v. H & R Block Eastern Enterprises, Inc.*, 727 F.Supp.2d 1363, 1376 (2010) (dismissing duplicative suit with prejudice) (internal quotation marks omitted). "The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources." *Id.* (citing *Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1306–09 (11th Cir.2010) (discussing related doctrine of claim preclusion and its judicial purpose)). "To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit." *Id.* (citing Zephyr Aviation III, LLC, 2008 WL 759095, *1 n. 4).

4. Both of these conditions are met here. The same parties – Openmind Solutions, Inc. and John Doe (IP Address 96.252.136.69) – are involved in both this case, and the Initial Case. And not only does the alleged cause of action for copyright infringement arise "out of the same transaction or series of transactions as the first suit," it is substantively the exact same Complaint, with the same subject matter and facts. As a result, the Complaint in this matter should be dismissed with prejudice as improperly duplicative of the Initial Case.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.: 0016244
danny@lslawpl.com
Kubs Lalchandani
Florida Bar No.: 0063966
kubs@lslawpl.com

2

990 Biscayne Blvd., Office 503  
Miami, Florida 33132  
Tel:     (305) 999-5291  
Fax:     (305) 671-9282  
*Attorneys for John Doe (96.252.136.69)*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of April 1, 20112

By: /s/ Daniel J. Simon  
Danny Simon, Esq.