UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21098-CIV-UNGARO

OPENMIND SOLUTIONS, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Duplicate Suit (D.E. 6).

THE COURT has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. Syllabus

Because a duplicative claim was still pending in the United States District Court for the District of Columbia when Plaintiff brought the present action, the Court dismisses Plaintiff's complaint without prejudice. The Court questions, without resolving, whether *res judicata* bars Plaintiff from re-filing the same claim against Defendant because Plaintiff dismissed Defendant from the duplicate suit "with prejudice."

### II. Background

On March 19, 2012, Plaintiff, Openmind Solutions, Inc., brought the present three-count complaint against Defendant, John Doe, an individual identified only by his Internet Protocol ("IP") address, alleging copyright infringement, civil

conspiracy, and contributory infringement.  At the time Plaintiff brought the present complaint, Defendant was a named defendant in an existing complaint that Plaintiff had filed, also alleging copyright infringement, in the United States District Court for the District of Columbia ("D.C. District Court").  On April 1, 2012, Defendant filed the instant Motion to Dismiss, claiming that the present action was duplicative of the suit pending in the D.C. District Court.  On April 16, 2012, Plaintiff voluntarily dismissed, with prejudice, all causes of action against the Defendant in the pending case in the D.C. District Court pursuant to Federal Rule of Civil Procedure 41(a)(1).  On April 20, 2012, Plaintiff filed an untimely response to Defendant's instant motion, requesting that the Motion be denied as moot since Plaintiff had dismissed Defendant from the duplicate suit.

### III.  Legal Standard

A district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending in federal court.  Greene v. H & R Block Eastern Enterprises, Inc., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (emphasis added) (citing Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000)).  Duplicative claims are disfavored in the interests of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952).  "To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim

preclusion, and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privities; and 2) arises out of the same transaction or series of transactions as the first suit."Greene, 727 F. Supp. 2d at 1367 (Citing Zephyr Aviation III, L.L.C. v. Keytech, Ltd., No. 07-227, 2008 WL 759095, at *1 n.4 (M.D. Fla. Mar. 20, 2008)).

### III. Analysis

Because at the time Plaintiff filed the present complaint against Defendant it was duplicative of another suit then pending in the D.C. District Court, Plaintiff's complaint is dismissed without prejudice.  Plaintiff's present complaint is duplicative of its earlier filed suit in the D.C. District Court because it involved the same parties, arose out of the same transaction or series of transactions, and was pending at the time Plaintiff filed the present complaint.  In the earlier filed action, Plaintiff, Openmind Solutions, Inc., named 565 "John Doe" defendants, including one identified solely by his IP Address: 96.252.136.69.  That same "John Doe" defendant is the only defendant that Plaintiff names in the current suit, and thus both claims involve the same parties.  Similarly, both cases arise out of the same transaction or series of transactions, as they are both based on Defendant's alleged infringement of Plaintiff's copyright related to an adult film entitled "Throated - Katie Jordin."  While the present complaint includes two counts, civil conspiracy and contributory infringement not included in the earlier filed action, both are related to the alleged infringement of the same copyright, and therefore arise from the same transaction.

3

Furthermore, at the time Plaintiff brought the present complaint in this Court, on March 19, 2012, the earlier filed action was still pending in the D.C. District Court. Plaintiff did not dismiss its earlier filed action until April 16, 2012, after the Defendant moved to dismiss the instant case as duplicative of the earlier filed suit on April 1, 2012, and did not notify this Court of its dismissal of the Defendant in the earlier filed case until April 20, 2012, after the deadline for responses to Defendant's motion had passed.

The Court further questions, without resolving, whether *res judicata* bars Plaintiff from re-filing the same claim against Defendant because Plaintiff dismissed Defendant from the duplicate suit "with prejudice." As the Court of Appeals for the Eleventh Circuit has noted:

> The doctrine of res judicata, or claim preclusion, will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) the parties were identical in both suits, (4) the prior and present causes of action are the same.

*Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1387 (11th Cir. 2003) (internal quotation marks omitted) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)). The D.C. District Court is a court of competent jurisdiction, and, as previously discussed, both claims involve the same parties, and involve causes of action arising from the same transaction. A voluntary dismissal with prejudice is a final judgment on the merits for the purposes of *res judicata*. *Astron Indust. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968) (citing

*Burns v. Fincke*, 197 F.2d 165, 166 (D.C. Cir. 1952))[1]. Here, Plaintiff's Notice of Dismissal was somewhat ambiguous, as it purported to dismiss Defendant pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, which presumes that the dismissal is without prejudice unless otherwise indicated, yet the Notice stated that the dismissal was with prejudice. Again, the Court does not decide, but calls into serious question whether *res judicata* will bar Plaintiff from re-filing the same claim against Defendant.

## V. Conclusion

Accordingly, it is

ORDERED AND ADJUDGED that the Motion (D.E. 6) is GRANTED; Plaintiff's Complaint (D.E. 1) is DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers, in Miami, Florida this 8th day of June, 2012.

UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth circuit prior to October 1, 1981.